[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 7, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13385
Non-Argument Calendar
_____

D. C. Docket No. 06-00004-CV-1-DHB

RONNIE LEE CARROLL,

Petitioner-Appellant,

versus

VICTOR WALKER,
Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(February 7, 2007)**

Before DUBINA, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Georgia prisoner Ronnie Lee Carroll appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. Carroll, who was convicted of burglary, armed robbery, and felony murder, asserts his trial counsel was ineffective for failing to inform the jury that his codefendant, Michael R. Crawford, who was identified as the shooter, was acquitted in a separate trial. Carroll maintains the outcome of his trial would have been different had his trial counsel informed the jury that Crawford had been acquitted. He claims the information would have caused the jury to entertain a reasonable doubt as to his guilt, particularly in light of the fact he was portrayed by the State as the unarmed accomplice of the murder, and not the actual shooter.

We review a district court's grant or denial of a § 2254 petition *de novo*, while the court's factual findings are reviewed for clear error. *See Sims v. Singletary*, 155 F.3d 1297, 1304 (11th Cir. 1998). Mixed questions of law and fact, including ineffective assistance of counsel claims, are also reviewed *de novo*. *Id*. Where a claim was adjudicated on the merits in state court, federal courts shall not grant habeas relief:

> unless the adjudication of the claim–(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> A state court decision is "contrary to" clearly established federal law if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case. . . . A state court conducts an "unreasonable application" of clearly established federal law if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case. An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context. Notably, an "unreasonable application" is an "objectively unreasonable" application.

*Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001) (citations omitted).

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel." *Yarborough v. Gentry*, 124 S. Ct. 1, 4 (2003). The legal standard governing ineffective-assistance-of-counsel claims is set forth in *Strickland v. Washington*, 104 S. Ct. 2052 (1984). In *Strickland*, the Supreme Court established a two-prong test for adjudicating such claims. First, a movant must show counsel's performance was deficient. *Id.* at 2064. The proper measure of attorney performance is "reasonableness under prevailing professional norms." *Id.* at 2065. Counsel's performance is deficient if counsel made errors so egregious that he or she was not functioning as the counsel guaranteed under the Sixth Amendment. *Id.* at 2064. Second, a movant must show the deficient

3

performance prejudiced the defense. *Id.* To prove prejudice, a movant must show there is a reasonable probability the outcome would have been different but for counsel's unprofessional errors. *Id.* at 2068. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 2067. Finally, since both prongs of the test must be met, the court is not required to decide both prongs if the defendant is unable to meet one. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

Even assuming Carroll can establish his counsel's performance was deficient, the state court's ruling on the prejudice prong was not an objectively unreasonable application of clearly established law. The state court concluded Carroll failed to establish a reasonable probability of a different result given the evidence against him. We agree. At trial, Verdean Deann Addison testified she observed Carroll and Crawford standing near the motel room of Vernon Raborn, the victim, approximately five minutes before she heard sounds resembling firecrackers. She also testified that, after hearing the loud noise, she saw Carroll and Crawford running towards a dumpster, and that Crawford was holding a nine millimeter semi-automatic gun at his side. Christine Miller testified immediately after the gunman shot Raborn, another man came into the motel room wearing a t-shirt covering his face, grabbed Raborn's wallet from under the mattress of the

4

bed, and then ran. Additionally, both Addison and Ronald Wynn, a friend of Carroll's, testified Carroll admitted he was present when the victim was shot. Manoxia Moore testified she overheard a conversation in which Carroll stated he took Raborn's wallet. Further, in his taped statement, Carroll conceded he and Crawford went to Raborn's motel room, and Crawford knocked on the door, went into the room, and told the occupants to give him money. Thus, there was overwhelming evidence Carroll was a party to the crimes, given that Carroll (1) was seen by witnesses with Crawford near the victim's motel room, (2) acknowledged his culpability in the robbery to others, and (3) admitted he and Crawford went to Raborn's motel room right before the murder occurred.

Carroll's argument fails the prejudice prong of the *Strickland* test, and the state court did not unreasonably apply federal law or make an unreasonable determination of the facts. Thus, the district court did not err in dismissing the petition for writ of habeas corpus.

**AFFIRMED.**

5